STEPHEN W. CUSICK (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674
scusick@nielsenhaley.com

DONALD L. MABRY (SBN 187750)
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone: (213) 239-9009
Facsimile: (213) 239-9007
dmabry@nielsenhaley.com

*Attorneys for Defendant*
United States Liability Insurance Company

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| 92498 HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY; and DOES ONE through FIVE, inclusive,<br><br>Defendants. | Case No.: 3:08-cv-01759-MEJ<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

I, Hayden R. Sakow, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 523 West Sixth Street, Suite 635, Los Angeles, California 90014, where the mailing described below took place.

On April 2, 2008, I deposited in the United States Mail at Los Angeles, California, in a postage prepaid envelope addressed to plaintiff's attorney, J. Timothy Nardell, Esq., Law Offices of J. Timothy Nardell, 790 Mission Avenue, San Rafael, California, 94901, copies of the following documents:

- Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity)
- Demand for Jury Trial
- Certification of Interested Entities or Persons
- Civil Cover Sheet

On April 4, 2008, I deposited in the United States Mail at Los Angeles, California, in a postage prepaid envelope addressed to plaintiff's attorney, J. Timothy Nardell, Esq., Law Offices of J. Timothy Nardell, 790 Mission Avenue, San Rafael, California, 94901, a copy of the following document:

- Notice to Adverse Party of Removal to Federal Court (a copy of which is attached to this Certificate)

On April 7, 2008, I deposited in the United States Mail at Los Angeles, California, in a postage prepaid envelope addressed to plaintiff's attorney, J. Timothy Nardell, Esq., Law Offices of J. Timothy Nardell, 790 Mission Avenue, San Rafael, California, 94901, copies of the following documents:

- Order Setting Initial Case Management Conference and ADR Deadlines.
- Notice of Assignment of Case to a United States Magistrate Judge for Trial.
- United States District Court Northing District of California Drop Box Filing Procedures.
- Welcome to the U.S. District Court, San Francisco.
- U.S. District Court Northern California ECF Registration Information Handout.

- Certificate of Service of Notice to Adverse Party of Removal to Federal Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed April 7, 2008, at Los Angeles, California.

By______________________________
Hayden R. Sakow

STEPHEN W. CUSICK (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

DONALD L. MABRY (SBN 187750)
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone: (213) 239-9009
Facsimile: (213) 239-9007

*Attorneys for Defendant*
United States Liability Insurance Company

ENDORSED-FILED

APR 0 4 2008

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
KAREN CRUTCHER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MENDOCINO

UNLIMITED JURISDICTION

92498 HOLDINGS LLC,

Plaintiff,

v.

UNITED STATES LIABILITY INSURANCE COMPANY; and DOES ONE through FIVE, inclusive,

Defendants.

Case No.: SCUK CVG 0851029

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

**BY FAX**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California, San Francisco Division, on April 2, 2008, under Federal Case Number CV 08 1759 MEJ.

A copy of the Notice of Removal is attached to this Notice, and is served and filed herewith.

DATED: March 26, 2008

NIELSEN, HALEY & ABBOTT LLP

By [signature]

STEPHEN W. CUSICK
DONALD L. MABRY
*Attorneys for Defendant*
UNITED STATES LIABILITY INSURANCE COMPANY

STEPHEN W. CUSICK (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674
scusick@nielsenhaley.com

DONALD L. MABRY (SBN 187750)
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone: (213) 239-9009
Facsimile: (213) 239-9007
dmabry@nielsenhaley.com

*Attorneys for Defendant*
United States Liability Insurance Company

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 92498 HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY; and DOES ONE through FIVE, inclusive,<br><br>Defendants. | Case No.: CV 08 1759<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant United States Liability Insurance Company hereby removes to this court the state court action described below.

1. On February 22, 2008, an action was commenced by the filing of a complaint for damages in the Superior Court of the State of California, County of Mendocino, entitled *92498 Holdings LLC v. United States Liability Insurance*

*Company, and Does One through Five, inclusive*, as Case Number SCUK CVG 0851029. A copy of the complaint is attached hereto as Exhibit A.

2. The first date upon which defendant received a copy of the complaint was March 6, 2008, when defendant, through its authorized agent for service of process, received a copy of the complaint and a summons. A copy of the summons is attached as Exhibit B.

3. On March 28, 2008, defendant timely filed and served an answer to plaintiff's complaint in California state court. A copy of the answer is attached as Exhibit C.

4. Exhibits A and B referred to above are the only pleadings or process defendant has received and, with the addition of Exhibit C, defendant is informed and believes that no other pleadings or process are contained in the state court file.

**Jurisdiction**

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states (see paragraphs 7-8 herein) and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because of the following facts:

Plaintiff alleges that it is a California limited liability corporation, created for the purpose of acting as a holding company for a piece of real property, located in Mendocino, California. (Plaintiff's Complaint, ¶ 1). Plaintiff further alleges that the real property was purchased for the residential use of Jeffery Stuart Skoll and his family, plaintiff's beneficial owners. (Plaintiff's Complaint, ¶ 6). Plaintiff further alleges that defendant breached the terms of an insurance policy by rejecting plaintiff's claim for insurance coverage, resulting in approximately $642,129.36 in losses for plaintiff with respect to investigating,

defending, and settling an underlying claim. (Plaintiff's Complaint, ¶¶ 7-18). In addition to compensatory damages, plaintiff also seeks punitive damages from defendant. (Plaintiff's Complaint, ¶ 34).

**Intradistrict Assignment**

6. This action is properly assigned to the San Francisco Division under Civil L.R. 3-2(c) and (d). The action arose in Mendocino County, California, where property which is the subject of the action is situated and where the underlying state court action was filed.

7. Defendant is informed and believes that plaintiff was, at the time this action was filed, and still is, a limited liability corporation formed under the laws of the State of California, with its principal place of business in the State of California. Defendant is further informed and believes that all constituent members and owners of plaintiff were, at the time this action was filed, and still are, citizens of the State of California.

8. Defendant was, at the time this action was filed, and still is, a corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania. Defendant is the only defendant that has been served a summons and complaint in this action.

DATED: April 1, 2008

NIELSEN, HALEY & ABBOTT LLP

By__________________________
STEPHEN W. CUSICK
DONALD L. MABRY
*Attorneys for Defendant*
UNITED STATES LIABILITY INSURANCE COMPANY

# EXHIBIT A

SUBJECT TO LOCAL RULES OF COURT

LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue, San Rafael, CA 94901
(415) 485-2200 • fax (415) 449-6990

J. TIMOTHY NARDELL (State Bar #184444)
LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue
San Rafael, California 94901
Telephone: (415) 485-2200
Facsimile: (415) 449-6990
Email: tim@jtnlaw.com

Attorneys for Plaintiff
92498 HOLDINGS LLC

ENDORSED-FILED
FEB 22 2008
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
SHEILA VALENTI

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF MENDOCINO

UNLIMITED JURISDICTION

92498 HOLDINGS LLC,

Plaintiff,

vs.

UNITED STATES LIABILITY INSURANCE COMPANY, AND DOES ONE through FIVE, inclusive,

Defendants.

Case No. SCUK CVG '0851029

**COMPLAINT FOR BREACH OF CONTRACT, AND BAD FAITH BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

**JURY TRIAL DEMANDED**

LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue, San Rafael, CA 94901
(415) 486-2200 • fax (415) 449-8880

Plaintiff 92498 Holdings LLC alleges as follows:

## THE PARTIES AND VENUE

1. Plaintiff 92498 Holdings LLC is a California limited liability corporation, created for the purpose of acting as a holding company for a piece of real property, located in Mendocino, California, commonly known as 18501 Rays Road, Philo, California (the "Property").

2. Defendant United States Liability Insurance Company ("USLIG") is, on information and belief, a member of the United States Liability Insurance Group, and is a Pennsylvania corporation that is engaged in the business of providing insurance in the State of California.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued as Docs one through five, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is legally responsible in some manner for the actions herein alleged, and that plaintiff's damages were proximately caused their conduct.

4. Plaintiff is informed and believes, and thereon alleges, that the Defendants, including the fictitiously named Defendants, participated in, or are otherwise responsible for, the wrongful conduct of each of their co- Defendants and, in doing the things alleged in this complaint, were acting within the course and scope of their authority and with the consent and permission of their co- Defendants.

5. Venue is proper in the County of Mendocino. The relevant insurance agreements concern property located in Mendocino County, and the wrongful conduct alleged herein occurred, in whole or in part, in Mendocino County.

## GENERAL ALLEGATIONS

6. Plaintiff purchased the Property in December 2002. The Property, located in the Anderson Valley, consists of a 160 acre parcel, and structures, which was used by the Property's former owners as a resort. Plaintiff purchased the Property for the residential use of Jeffery Stuart Skoll and his family, plaintiff's beneficial owners. From the time of plaintiff's purchase to present, the Property has been used only as an additional residence for Mr. Skoll and his family.

7. Upon purchase of the Property, plaintiff obtained a comprehensive general liability insurance for the Property from USLIG, through an existing multiple residence policy that USLIG issued to Jeffery Stuart Skoll, policy no. CPL 1100925 (hereinafter "the Policy"). By an endorsement issued December 23, 2002, USLIG expressly understood and agreed that 92498 Holdings would be an additional insured under the Policy. Under the Policy, USLIG promised, among other things, to insure plaintiff for any third party claim for "property damage" caused by an "occurrence" to which the Policy applies.

8. The Property is located on the south side of the Navarro River. Access to the Property is by means of an easement across neighboring property from Rays Road, on the north side of the Navarro. This easement crosses the Navarro by means of a steel bridge, commonly known as the Shenoa Bridge that plaintiff's predecessor-in-interest at the Property constructed in 2000. Although located off the Property, the Shenoa Bridge is the sole means of vehicular access to the Property. Plaintiff purchased the easement across the Navarro and the Shenoa Bridge as part of the Property.

9. During the winter storms of December 2005 and January 2006, the north bank of the Navarro River immediately downstream from the Property experienced unprecedented and severe erosion. The Van Zandt family who own the property on the north bank of the Navarro and operate the Van Zandt Redwood View Resort on their property, experienced a loss of approximately one acre of land. Continued erosion threatened the Van Zandts' water supply for their property and threatened to cause serious harm to their resort business.

10. The Van Zandts came to the conclusion that the loss of their land and their resulting damages were caused by the Shenoa Bridge. In the Spring of 2006, the Van Zandts asserted a claim against plaintiff for the damage to their property.

11. Plaintiff promptly submitted the Van Zandts' claim to USLIG. By letter of June 8, 2006, USLIG rejected the claim. USLIG took the position that there was no coverage, and no possibility of coverage, under the Policy for the Van Zandts' claim because the "business" and "premises" exclusion in the Policy applied. USLIG's determinations and no coverage conclusion were erroneous. USLIG's rejection of the Van Zandts' claim constituted a material breach of the Policy.

LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue, San Rafael, CA 94901
(415) 488-2200 • fax (415) 449-6990

12. By letter of July 14, 2006, plaintiff explained why the "business" and "premises" exclusions under the Policy were inapplicable; and requested that USLIG reconsider its conclusion and provide a defense against the Van Zandts' claims. By letter of July 17, 2006, USLIG declined to conduct any further investigation of the Van Zandts' claim and reiterated its previous erroneous no coverage determination. Having been abandoned by its insurer, plaintiff was left to fend for itself against the Van Zandts.

13. In the Summer of 2006, plaintiff and the Van Zandts commissioned expert reports to determine the cause of damage to the Van Zandts' property. The reports that plaintiff commissioned and independent reports supported the Van Zandts' conclusion that the Shenoa Bridge was the principal cause of the damage to the Van Zandts' property.

14. In December 2006, plaintiff entered into settlement negotiations with the Van Zandts. The Van Zandts asserted that a settlement was necessary to fund emergency repairs to the north bank of the Navarro River. Without a settlement, the Van Zandts stated that they intended to hold plaintiff liable for any further erosion damage including the possible loss of the principal spring water source on their property, exposing plaintiff to greatly increased liability. An early settlement with the Van Zandts was the most prudent approach to limit plaintiff's liability.

15. In January 2007, plaintiff entered into a Settlement and Release Agreement with the Van Zandts, which resolved the Van Zandts' claim. Under the settlement, plaintiff agreed to pay $430,000 to repair the Van Zandts' property damages to date, and up to $150,000 for future repair work. In exchange, the Van Zandts agreed to release any and all claims against plaintiff (i) for any damages, costs, fees or expenses incurred in connection with the erosion damage; and (ii) for any damages, and all known and unknown causes of action arising out of the construction or maintenance of the Shenoa Bridge.

16. Since the settlement, plaintiff reiterated its demand for coverage from USLIG of plaintiff's losses arising from the Van Zandts' claim, including losses for settlement, third party investigative costs, and attorneys' fees incurred in defending against the Van Zandts' claim; and informed USLIG that plaintiff intended to file suit, if necessary to recover its insured losses. In

LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue, San Rafael, CA 94901
(415) 488-2200 • fax (415) 449-6980

November 2007, USLIG requested that plaintiff provide a copy of the Settlement and Release Agreement between plaintiff and the Van Zandts and written documentation of plaintiff's losses to assist with USLIG's analysis and reconsideration of plaintiff's claim. Plaintiff promptly provided USLIG with a copy of the Settlement and Release Agreement.

17. As of December 31, 2007 the Van Zandts had tendered bills for repair work in the amount of $108,478.90, as contemplated under the Settlement and Release Agreement. On December 31, 2007, the Van Zandts gave plaintiff notice that the Van Zandts deemed that all repair work required under the settlement agreement had been completed, thus liquidating plaintiff's losses arising from the Van Zandt's claim. In January 2008, promptly after the full amount of the Van Zandts' claim had been determined, plaintiff provided USLIG with the accounting of plaintiff's losses that USLIG had requested, and again demanded that USLIG honor its obligations under the Policy and agree to cove plaintiff's losses arising from the Van Zandts' claim. USLIG failed to respond to or acknowledge receipt of the information that USLIG had requested or respond to plaintiff's renewed demands for coverage.

18. As a result of the Van Zandts' claim and the settlement thereof, plaintiff has incurred losses for settlement, third party investigative costs, and attorneys' fees in defense of the claim, amounting to approximately $642,129.36. Plaintiff has documented these losses and has repeatedly demanded that USLIG agree to pay for these losses. USLIG has rejected, and continues to reject these demands.

**FIRST CAUSE OF ACTION**
**(Breach of Contract - Duty to Defend)**

19. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

20. The Policy constitutes a written contract between plaintiff and USLIG, obligating USLIG to provide plaintiff a defense against all third party claims that are potentially covered under the Policy.

LAW OFFICES OF J. TIMOTHY NARDELL
780 Mission Avenue, San Rafael, CA 94901
(415) 486-2200 • fax (415) 449-6990

21. Plaintiff has fully satisfied its obligations under the Policy, except those obligations excused by USLIG's non performance.

22. USLIG has breached its contractual obligations by, among other things, denying a defense to plaintiff under the Policy against the Van Zandts' claim.

23. As a proximate result of USLIG's breaches of contract, plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, plaintiff prays for relief as set forth hereinafter.

**SECOND CAUSE OF ACTION**
**(Breach of Contract - Duty to Indemnify)**

24. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

25. The Policy constitutes a written contract between plaintiff and USLIG, obligating USLIG to provide plaintiff indemnity against all third party claims that are covered under the Policy.

26. Plaintiff has fully satisfied its obligations under the Policy, except those obligations excused by USLIG's non performance.

27. USLIG has breached its contractual obligations by, among other things, denying coverage to plaintiff under the Policy against the Van Zandts' claim.

28. As a proximate result of USLIG's breaches of contract, plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, plaintiff prays for relief as set forth hereinafter.

**THIRD CAUSE OF ACTION**
**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

29. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

30. Implied in the Policy is a covenant by USLIG that it act in good faith and deal fairly with plaintiff; that it reasonably investigate any third party claims asserted against plaintiff; that it do nothing to interfere with the right of plaintiff to receive the benefits of the Policy; that it place the interests of

LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue, San Rafael, CA 94901
(415) 486-2200 • fax (415) 449-8990

LAW OFFICES OF J. TIMOTHY NARDELL
780 Mission Avenue, San Rafael, CA 94901
(415) 485-2200 • fax (415) 449-6890

plaintiff before its own interests; that it exercise diligence, good faith, and fidelity in safeguarding plaintiff's interests; and that it deal ethically with plaintiff and will fairly and adequately inform plaintiff with respect to the nature and scope of its insurance coverage (hereinafter referred to as "the implied covenant of good faith and fair dealing").

31. USLIG knowingly engaged in unfair claims practices. The practices that USLIG engaged in against plaintiff include, but are not limited to, the following:

(a) misrepresenting to plaintiff pertinent facts or insurance policy provisions relating to the coverage at issue in order to avoid having to provide coverage to plaintiff;

(b) failing to reasonably investigate all of the possible bases for coverage of the Van Zandts' claim;

(c) failing to acknowledge and act promptly upon communications with respect to plaintiff's claims arising under the policy;

(d) maintaining an unreasonable and groundless denial of defense and coverage of plaintiff's losses;

32. USLIG, in tortious breach of the covenant of good faith and fair dealing, has refused to acknowledge that plaintiff is entitled to a defense and indemnity against the Van Zandts' claim under the Policy. This has been done for the purpose of consciously withholding from plaintiff the rights and benefits to which plaintiff is entitled under the Policy; in so doing, USLIG has placed its own interests above those of plaintiff. Additionally, USLIG breached the covenant of good faith and fair dealing by compelling plaintiff to institute this litigation in order to obtain the benefits that it bargained for under the Policy.

33. USLIG's conduct has been and is despicable in that it has acted willfully with malice, fraud, and/or oppression so as to deprive plaintiff of its rights under the Policy, with conscious disregard of the consequences of these acts on plaintiff, and with the deliberate intent to vex, injure, and annoy plaintiff and advance USLIG's own pecuniary interests.

34. As a result of USLIG's conduct as alleged herein, plaintiff is entitled to recover its damages, including attorneys' fees and expenses incurred in establishing its rights to benefits under the

Policy, and to claim and recover punitive damages from USLIG, in an amount sufficient to punish and make an example of it in order to deter such conduct in the future.

35. WHEREFORE, plaintiff prays for relief as set forth hereinafter.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief against USLIG as follows:

1. For damages in the amount of plaintiff's losses, including but not limited to, the amount of the settlement paid to the Van Zandts, together with defense and investigative costs incurred in connection with the Van Zandts' claim, according to proof;

2. For general and compensatory damages, according to proof;

3. For punitive damages in an amount to be determined at trial;

4. For pre- and post-judgment interest to the maximum extent allowed by law;

5. For costs of suit incurred herein, including attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

Dated: February 21 2008

LAW OFFICES OF J. TIMOTHY NARDELL

By: [signature]
J. TIMOTHY NARDELL
Attorneys for Plaintiff 92498 HOLDINGS LLC

LAW OFFICES OF J. TIMOTHY NARDELL
790 Mission Avenue, San Rafael, CA 94901
(415) 488-2200 • fax (415) 449-8990

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED-FILED

FEB 2 2 2008

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
SHEILA VALENTI

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
UNITED STATES LIABILITY INSURANCE COMPANY, AND DOES ONE through FIVE, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
92498 HOLDINGS LLC

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Mendocino, State & Perkins Street, Room 3[illegible]
P.O. Box 996
Ukiah, CA 95482

CASE NUMBER: *(Número del Caso):* SCUK CVG '08 51029

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. TIMOTHY NARDELL, State Bar #184444
Law Offices of J. Timothy Nardell, 790 Mission Avenue, San Rafael, CA 94901
Phone No.: (415) 485-2200
Fax No.: (415) 449-6990

BENJAMIN D. STOUGH

DATE: *(Fecha)* FEB 2 2 2008 Clerk, by *(Secretario)* SHEILA VALENTI, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: United States Liability Insurance Company
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*:

# EXHIBIT C

03-30-2008 14:55 EBROOKS 170 _33913
PAGE3

STEPHEN W. CUSICK (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

DONALD L. MABRY (SBN 187750)
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone: (213) 239-9009
Facsimile: (213) 239-9007

*Attorneys for Defendant*
United States Liability Insurance Company

ENDORSED-FILED
MAR 2 8 2008
CLERK OF [illegible] SUPERIOR COURT [illegible]
MEGAN RAMSEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF MENDOCINO
UNLIMITED JURISDICTION

92498 HOLDINGS LLC,

Plaintiff,

v.

UNITED STATES LIABILITY INSURANCE COMPANY; and DOES ONE through FIVE, inclusive,

Defendants.

Case No.: SCUK CVG 0851029

**UNITED STATES LIABILITY INSURANCE COMPANY'S ANSWER TO COMPLAINT OF 92498 HOLDINGS LLC**

**BY FAX**

Defendant United States Liability Insurance Company hereby answers plaintiff 92498 Holdings LLC's Complaint for Breach of Contract, and Bad Faith Breach of the Covenant of Good Faith and Fair Dealing, as follows:

**GENERAL DENIAL**

Under California Code of Civil Procedure § 431.30, defendant denies generally each and every allegation contained in plaintiff's Complaint.



03-28-2008 09:13 EBROOKS 17072633913
PAGE9
11210932 [illegible] 3/30/2008 4:00:10 PM

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Defendant alleges that the Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

(Breach of Contract)

2. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred as a result of material breaches of the insurance contract(s) at issue.

### THIRD AFFIRMATIVE DEFENSE

(Failure of Performance)

3. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred as a result of plaintiff's and/or any insured's failure to perform certain conditions of the insurance policy or policies at issue.

### FOURTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

4. Defendant alleges that plaintiff and/or any insured, through their words or conduct, are equitably estopped from asserting the causes of action alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred or, alternatively, that plaintiff and/or any insured are not entitled to recover the sums demanded, in part or in whole, due to plaintiff's and/or any insured's failure to minimize or mitigate the injuries, losses, and damages complained of by taking reasonable measures to avoid such injuries, losses, and

damages, if any there were.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred because plaintiff and/or any insured, by their words or conduct, have waived any and all rights against defendant.

SEVENTH AFFIRMATIVE DEFENSE

(Justification)

7. Each and every act of defendant, of which plaintiff complains, was justified, proper, privileged, legal, fair, and not done in degradation of the rights or legal interests of plaintiff and/or any insured.

EIGHTH AFFIRMATIVE DEFENSE

(Ratification)

8. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by the doctrines of ratification and affirmance.

NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

9. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

TENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

10. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by accord and satisfaction, settlement, or release.

ELEVENTH AFFIRMATIVE DEFENSE

(Voluntary Payments)

11. Plaintiff's and/or any insured's claims are barred in whole or in part because any and all payments made by plaintiff and/or any insured were voluntary

payments, and plaintiff and/or any insured have no rights against defendant in connection with those payments.

TWELFTH AFFIRMATIVE DEFENSE

(Discharge of Obligation)

12. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred because any duty defendant had under the insurance policy or policies at issue has been discharged by operation of law.

THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

13. Defendant alleges that the Complaint, and each cause of action alleged therein, is barred because plaintiff lacks standing to assert claims under the insurance policy or policies at issue.

FOURTEENTH AFFIRMATIVE DEFENSE

(Policy Terms, Conditions, Exclusions)

14. Plaintiff's and/or any insured's claims are subject to the terms, conditions, provisions, endorsements, limitations, and exclusions contained in the policy or policies at issue. Although these terms, conditions, provisions, endorsements, limitations, and exclusions do not constitute new matter and are not technically affirmative defenses, they are pleaded here out of an abundance of caution.

FIFTEENTH AFFIRMATIVE DEFENSE

(Material Misrepresentations/Non-Disclosures)

15. Plaintiff's and/or any insured's claims are barred based on material misrepresentations and/or failure to disclose material facts in the application(s) for insurance to defendant.

SIXTEENTH AFFIRMATIVE DEFENSE

(Rescission/Reformation)

16. Plaintiff's and/or any insured's claims are barred because defendant is

entitled to rescind or reform the policy or policies at issue based on material misrepresentations and/or failure to disclose material facts in the application(s) for insurance to defendant.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Unreasonable Settlement)

17. Plaintiff and/or any insured is precluded from recovering on the settlement referenced in the Complaint because that settlement is unreasonable as to amount.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Breach of Duties)

18. Plaintiff's and/or any insured's claims are barred to the extent that they failed to satisfy their respective duties after loss as set forth in Section II of the policy or policies at issue.

NINETEENTH AFFIRMATIVE DEFENSE

(No Loss)

19. Plaintiff's and/or any insured's claims are barred in whole or in part because they did not suffer a loss for which defendant is liable.

TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Satisfy Policy Definitions)

20. Plaintiff's and/or any insured's claims are barred because the bridge and/or the 18501 Rays Road, Philo, CA address referenced in Complaint are not "insured locations" or "residence premises" as defined in the policy or policies at issue.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

21. Defendant reserves the right to add to, delete, or modify the affirmative defenses herein, and to amend the affirmative defenses to conform to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays as follows:

1. That plaintiff take nothing by reason of its Complaint, and that judgment be rendered in favor of defendant;

2. That the policy or policies at issue be rescinded or reformed in favor of defendant;

3. That defendant be awarded its costs of suit incurred in defense of this action; and

4. For such other relief as the Court deems proper.

DATED: March 28, 2008 NIELSEN, HALEY & ABBOTT LLP

By [signature]
STEPHEN W. CUSICK
DONALD L. MABRY
*Attorneys for Defendant*
UNITED STATES LIABILITY INSURANCE COMPANY

# PROOF OF SERVICE

**92498 Holdings LLC v. United States Liability Insurance Company, et al**
**Mendocino County Superior Court**
**Case No.: SCUK CVG 0851029**

I declare that:

I am employed in the county of Los Angeles, California, over the age of eighteen years, and not a party to the within cause. My business address is 523 West Sixth Street, Suite 635, Los Angeles, California, 90014.

On March 28, 2008, I served the within:

**UNITED STATES LIABILITY INSURNACE COMPANY'S ANSWER TO COMPLAINT OF 92498 HOLDINGS LLC**

**BY MAIL** on parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

J. Timothy Nardell
Law Offices of J. Timothy Nardell
790 Mission Avenue
San Rafael, California 94901
Tel. (415) 485-2200
Fax (415) 449-6990
***Attorneys for Plaintiff***
***92498 Holdings LLC***

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on March 28, 2008.

Hayden Sakow

**PROOF OF SERVICE**
**92498 Holdings LLC v. UNITED STATES LIABILITY INSURANCE CO.**
**United States District Court – Northern District of California**
**Case No.:**

I declare that:

I am employed in the county of Los Angeles, California, over the age of eighteen years, and not a party to the within cause. My business address is 523 West Sixth Street, Suite 635, Los Angeles, California, 90014.

On April 1, 2008, I served the within:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

**BY MAIL** on parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

J. Timothy Nardell, Esq.
Law Offices of J. Timothy Nardell
790 Mission Avenue
San Rafael, California 94901
Tel. (415) 485-2200
Fax (415) 449-6990
*Attorneys for Plaintiff*
*92498 Holdings LLC*

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on April 1, 2008.

Hayden Sakow

**PROOF OF SERVICE**

**92498 Holdings LLC v. United States Liability Insurance Company, et al**
**Mendocino County Superior Court**
**Case No.: SCUK CVG 0851029**

I declare that:

I am employed in the county of Los Angeles, California, over the age of eighteen years, and not a party to the within cause. My business address is 523 West Sixth Street, Suite 635, Los Angeles, California, 90014.

On April 4, 2008, I served the within:

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

**BY MAIL** on parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

J. Timothy Nardell
Law Offices of J. Timothy Nardell
790 Mission Avenue
San Rafael, California 94901
Tel. (415) 485-2200
Fax (415) 449-6990
***Attorneys for Plaintiff***
***92498 Holdings LLC***

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on April 4, 2008.

Hayden Sakow